# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00154-CR

---

**Martin Antonio Cuellar, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 22ND DISTRICT COURT OF COMAL COUNTY,
### NO. CR2023-753B, THE HONORABLE TRACIE WRIGHT-RENEAU, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Martin Antonio Cuellar seeks to appeal his judgment of conviction for possession of a controlled substance. *See* Tex. Health & Safety Code § 481.115(b); Tex. Penal Code § 12.35. Under the terms of a plea-bargain agreement, Cuellar agreed to plead guilty in exchange for the State recommending a sentence below the statutory maximum. *See* Tex. Penal Code § 12.35. The trial court accepted Cuellar's plea and imposed its sentence consistent with the terms of the plea agreement. The trial court certified that this is a plea-bargain case and that Cuellar has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

Following his conviction, Cuellar filed a pro se notice of appeal. In the notice, Cuellar asserts that he is challenging the imposition of certain court costs. However, for plea-bargain cases, a defendant "may appeal only": "those matters that were raised by written motion filed and ruled on before trial," "after getting the trial court's permission to appeal," or "where the specific appeal is expressly authorized by statute." *Id.* R. 25.2(a)(2); *see* Tex. Code Crim. Proc. art. 44.02. No ruling was made by the trial court regarding the costs before

punishment was assessed, and the trial court did not give Cuellar permission to appeal in this case. Moreover, no statute specifically authorizes this type of appeal.

"In order to confer jurisdiction on this court to address . . . issues related to the assessment of costs, Appellant was required to obtain the trial court's permission to appeal." *See Jones v. State*, No. 12-22-00245-CR, 2023 WL 3612362, at *1 (Tex. App.—Tyler May 10, 2023, no pet.) (mem. op., not designated for publication). "Without such permission, we do not have jurisdiction over the issues raised by this appeal." *See id.*; *see also Foote v. State*, No. 02-16-00252-CR, 2017 WL 3081216, at *4 (Tex. App.—Fort Worth July 20, 2017, pet. ref'd) (mem. op., not designated for publication) (dismissing for want of jurisdiction issue related to propriety of assessment of court costs, which resulted from "guilty" plea in plea-bargain case, where trial court's certification stated defendant had no right to appeal other than as to rulings on pre-trial motions made before trial, and where no permission to appeal was given by trial court).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f).

_____

Edward Smith, Justice

Before Justices Baker, Smith, and Theofanis

Dismissed for Want of Jurisdiction

Filed: August 27, 2024

Do Not Publish

2